IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL DENHAM,
SEAN UFLAND,
ROLAND JACKSON and
MICHAEL MAES

**FIRST SUPERSEDING INDICTMENT**
CRIMINAL NO. 1:16cr67HSO-JCG

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
FEB 22 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

**The Grand Jury charges:**

## COUNT 1

That from sometime in January 2016 through the date of this indictment, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **MICHAEL DENHAM, SEAN UFLAND, ROLAND JACKSON, and MICHAEL MAES**, did knowingly and intentionally conspire, with each other and others known and unknown to the Grand Jury, to possess with intent to distribute cocaine hydrochloride, a Schedule II narcotic drug controlled substance, and actual methamphetamine, a Schedule II narcotic controlled substance, all as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

### QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY

With respect to **MICHAEL DENHAM**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 5 kilograms of a detectable amount of cocaine hydrochloride, and in excess of 50 grams of actual methamphetamine in violation of Title 21, United States Code, Sections 841(b)(1)(A).

With respect to **SEAN UFLAND**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 5 kilograms of a detectable amount of cocaine hydrochloride, and in excess of 50

grams of actual methamphetamine in violation of Title 21, United States Code, Sections 841(b)(1)(A).

With respect to **ROLAND JACKSON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 5 kilograms of a detectable amount of cocaine hydrochloride, and in excess of 50 grams of actual methamphetamine in violation of Title 21, United States Code, Sections 841(b)(1)(A).

With respect to **MICHAEL MAES**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine in violation of Title 21, United States Code, Sections 841(b)(1)(A).

## COUNT 2

That on about February 9, 2017, in Hancock County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROLAND JACKSON and MICHAEL MAES**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute more than 500 grams of a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 846, Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 3

That on or about August 13, 2016, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **MICHAEL DENHAM, SEAN UFLAND, ROLAND JACKSON, and MICHAEL MAES**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute in excess of 50 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 4

That on about August 13, 2016, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **MICHAEL DENHAM, SEAN UFLAND and ROLAND JACKSON**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute more than 5 kilograms of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 846, Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 5

That on or about September 8, 2015, in Hancock County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROLAND JACKSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute in excess of 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 6

That on or about July 24, 2015, in Hancock County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROLAND JACKSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of heroin, a Schedule I narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 7

That on or about July 14, 2015, in Hancock County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROLAND JACKSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of heroin, a Schedule I narcotic drug controlled

substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 8

That on or about August 5, 2014, in Hancock County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROLAND JACKSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute in excess of 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 9

That on or about July 21, 2014, in Hancock County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROLAND JACKSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute in excess of 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## COUNT 10

That on or about July 16, 2014, in Hancock County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **ROLAND JACKSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute in excess of 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

## NOTICE OF FORFEITURE

As a result of the offenses specified above, the defendants, **MICHAEL DENHAM, SEAN UFLAND, ROLAND JACKSON and MICHAEL MAES,** shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to

all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of one or more of the offenses alleged in this indictment:

1) 2005 Chevrolet Corvette, VIN 1G1YY24U455107012;

2) $3,900.00 United States Currency; and

3) $4,511.00 United States Currency

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 22 day of FEBRUARY, 2017.

UNITED STATES MAGISTRATE JUDGE