IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
        FILED
      AUG 07 2018
      ARTHUR JOHNSTON
BY_____ DEPUTY
```

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **SECOND SUPERSEDING INDICTMENT**<br>CRIMINAL NO. 1:16-cr-00067-HSO-JCG |
| MICHAEL MAES | 21 U.S.C. § 846<br>18 U.S.C. § 1956(h)<br>18 U.S.C. § 1956(a)(1)(B)(i) |

**The Grand Jury charges:**

## COUNT 1

That from in and around June 2016 through in and around 2017, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **MICHAEL MAES**, did knowingly and intentionally conspire, with others known and unknown, to possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

That on about February 9, 2017, in Hancock County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **MICHAEL MAES**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 3

From on or about June 9, 2016 through February 24, 2017, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **MICHAEL MAES,** did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18,

United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of methamphetamine, a Schedule II controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

Co-conspirators in the distribution of methamphetamine in the state of Mississippi were directed by defendant, **MICHAEL MAES**, to deposit moneys into branch offices of Wells Fargo Bank located in Harrison County, Mississippi, into accounts in the names of individuals cooperating in his scheme. Those deposits were withdrawn from those accounts the same day or within days of the deposit.

On June 9, 2016, a co-conspirator deposited $2,900 into a bank account in the name of "SL" and $2,900 was withdrawn from the account the same day.

On July 14, 2016, a co-conspirator deposited $7,000 into a bank account in the name of "SN" and $6,000 was withdrawn from the account the same day.

On January 25, 2017, a co-conspirator deposited $9,020 into a bank account in the name of "JC" and $9,000 was withdrawn from the account the same day.

On February 3, 2017, a co-conspirator deposited $5,200 into a bank account in the name

of "JC" and $5,200 was withdrawn from the account the same day.

On February 7, 2017, a co-conspirator deposited $9,000 into a bank account in the name of "BG" and $9,000 was withdrawn from the account the same day.

On February 23, 2017, a co-conspirator deposited $4,700 into a bank account in the name of "JC" and $4,600 was withdrawn from the account the next day.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 4

That on or about June 9, 2016, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **MICHAEL MAES,** aided and abetted by others, known and unknown, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, caused the deposit of $2,900 into the Wells Fargo branch in Biloxi, Mississippi into the account of "SL" and removed $2,900 from a Wells Fargo branch in California on the same date, which involved the proceeds of a specified unlawful activity, that is the distribution of methamphetamine, a Schedule II controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

## COUNT 5

That on or about July 14, 2016, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **MICHAEL MAES,** aided and abetted by others, known and unknown, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, caused the deposit of $7,000 into the Wells

Fargo branch in Gulfport, Mississippi into the account of "SN" and removed $6,000 from a Wells Fargo branch in California on the same date, which involved the proceeds of a specified unlawful activity, that is the distribution of methamphetamine, a Schedule II controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

COUNT 6

That on or about January 25, 2017, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **MICHAEL MAES,** aided and abetted by others, known and unknown, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, caused the deposit of $9,020 into the Wells Fargo branch in Gulfport, Mississippi into the account of "JC" and removed $9,000 from a Wells Fargo branch in California on the same date, which involved the proceeds of a specified unlawful activity, that is the distribution of methamphetamine, a Schedule II controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

COUNT 7

That on or about February 3, 2017, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **MICHAEL MAES,** aided and abetted by others, known and unknown, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, caused the deposit of $5,200 into the Wells Fargo branch in Gulfport, Mississippi into the account of "JC" and removed $5,200 from a Wells Fargo branch in California on February 6, 2017, which involved the proceeds of a specified unlawful activity, that is the distribution of methamphetamine, a Schedule II controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

COUNT 8

That on or about February 7, 2017, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **MICHAEL MAES,** aided and abetted by others, known and unknown, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, caused the deposit of $9,000 into the Wells Fargo branch in Gulfport, Mississippi into the account of "BG" and removed $9,000 from a Wells Fargo branch in California on the same date, which involved the proceeds of a specified unlawful activity, that is the distribution of methamphetamine, a Schedule II controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the source, ownership, and control of the proceeds of said specified unlawful activity

and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

## COUNT 9

That on or about February 23, 2017, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **MICHAEL MAES,** aided and abetted by others, known and unknown, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, caused the deposit of $4,700 into the Wells Fargo branch in Gulfport, Mississippi into the account of "JC" and removed $4,600 from a Wells Fargo branch in California on February 24, 2017, which involved the proceeds of a specified unlawful activity, that is the distribution of methamphetamine, a Schedule II controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise, the source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

## **NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has

been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853.

D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 7th day of August, 2018.

UNITED STATES MAGISTRATE JUDGE

7