IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                          CRIMINAL NO. 1:16cr67 HSO-JCG

MICHAEL MAES

**GOVERNMENT'S RESPONSE TO MOTION FOR ACQUITTAL
OR NEW TRIAL**

COMES NOW, the United States, through its undersigned Assistant United States Attorney, and hereby files its response to the motion for acquittal or new trial as follows:

The defendant lists seven (7) reasons for the granting of his motion. We address each, to the extent we can.

1. The Court did not err in denying the defendant's earlier motions for acquittal. There was no basis for these motions and the evidence was more than sufficient for a rational finder of fact to determine that the defendant was guilty.

2. As stated above, there was more than sufficient evidence to determine that the defendant engaged in a methamphetamine conspiracy, sent the package intended for Mississippi, as alleged in count 2, engaged in a money laundering conspiracy and committed or caused to be committed the specific instances of money laundering.

3. The government does not understand this basis and is unaware of a preemptory instruction that was offered by the defense.

1

4. We assume this refers to the limitations placed on the testimony of Fabeon Minor. Based on memory, the Court limited him to testifying as to what he heard, but not the reasons the other witnesses may have had for saying what they were alleged to have said. Whether the analysis proceeds under Rule 803(3) or simply general rules of admissibility, the Court's limitation was correct. Minor's testimony about the reasons or motivation of the other witness would have been speculative. There was no error and certainly no prejudicial error.

5. There is no way for the government to respond to this basis as nothing is articulated.

6. The Court addressed the issue adequately prior to the return of the verdict by calling its own witnesses. There is no indication that any jurors saw anything inside the van. Even assuming they could see inside the blacked out windows, Maes would have had to hold up his shackled hands, assuming he could have done so, for the jurors to see anything but his face and upper body. As the Court pointed out, the defense itself put the fact of his incarceration into evidence. At any rate, this is not the type of brief encounter that would have prejudiced the jury. The jury took approximately six hours in deliberation. They clearly reviewed the evidence meticulously because they acquitted defendant of count 4. Count 4 was the only money laundering count in which Maes himself deposited the money while he was in Gulfport and his girlfriend, Asia Rider, testified that it was sent to her, through her mother, so that she could pay his (Maes') rent. If believed, that testimony negated the necessary element of concealment. Those factual components were absent in each of the convicted money laundering counts.

7. No further response is necessary to the seventh objection.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, the motion should be denied.

Dated the 23rd day of October 2018.

                          Respectfully submitted,

                          D. MICHAEL HURST, JR.
                          United States Attorney

                          BY: /s John Meynardie
                               JOHN A. MEYNARDIE
                               Assistant United States Attorney
                               1575 20th Avenue, 2d Floor
                               Gulfport, MS 39501
                               (228) 563-1560
                               Mississippi Bar No. 9912

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above and foregoing pleading has been delivered through ECF to the following counsel:

        All counsel

This the 23rd day of October 2018.

                               /s John Meynardie
                               JOHN A. MEYNARDIE
                               Assistant United States Attorney