IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

                    CIVIL NO. 1:21cv323 HSO
V.                    CRIMINAL NO. 1:16cr67 HSO-RHWR

MICHAEL MAES

**GOVERNMENT'S RESPONSE TO MOTION TO VACATE
SENTENCE PURSUANT TO 28 U.S.C. §2255**

COMES NOW, the United States, through its undersigned Assistant United States Attorney, and hereby files its response to the defendant's motion to vacate sentence as follows:

**Background**

1. As defendant correctly states, he was convicted by a jury in September 2018 of violations that triggered 21 U.S.C. § 841(b)(1)(A), which statutorily requires a sentence of not less than 10 years or more than life imprisonment. In this timely 28 U.S.C. § 2255 petition he alleges ineffective assistance on two grounds. First, he believes the statutory maximum for his violation should be not more than ten years because methamphetamine is listed as a Schedule III controlled substance under 21 U.S.C. § 812 and that his counsel was ineffective for not arguing for a sentence of not more than 10 years. Second, he asserts that his counsel was ineffective for failing ("abandoning him") to secure a plea to a marijuana offense.

**Argument**

2. Neither of defendant's claims have any merit and thus his counsel neither failed to

1

raise a meritorious objection nor abandoned him.  Defendant claims that methamphetamine is a Schedule III controlled substance pursuant to Title 21, United States Code Section 812 Schedule III (a)(3) which would cap him at 10 years pursuant to 21 U.S.C. § 841(b)(1)(E).  However, defendant ignores 21 U.S.C. § 812(c) which explicitly states that these initial schedules are subject to the amendment process laid out in 21 U.S.C. § 811.  Under that provision, the Attorney General has re-scheduled methamphetamine as a Schedule II controlled substance. 21 C.F.R. § 1308.12(d).  Furthermore, the indictment specifically states that he is charged under Section 841(b)(1)(A) which by statute clearly sets out the penalties for the quantity of methamphetamine the jury found Maes had dealt with.  His reliance on a statutory classification which has long been re-scheduled is misguided.  The CFR as well as the penalty provisions of Section 841 are clear.

    3.  Second, Maes claims he would have pled to a marijuana offense but for the fact that his counsel abandoned him.  Maes was never offered a plea to a marijuana offense.  Other than Maes continued insistence, there was no evidence that Maes was trafficking marijuana and an abundant amount of evidence that he was trafficking methamphetamine.  The government did not and would not have offered a plea to drug trafficking a substance for which there was no evidence.[1]  The standard for whether counsel was ineffective cannot be that he failed to obtain from the government that which the government had no intention of offering.

## Conclusion

WHEREFORE, PREMISES CONSIDERED, based on all the pleadings, the defendant's

---

[1] The undersigned does not recall whether Maes' counsel inquired about a plea to a marijuana charge.  But none was ever offered or contemplated by the government.

motion to vacate or set aside his sentence should be denied.

Dated: December 14, 2021.

        Respectfully submitted,

        DARREN J. LAMARCA
        United States Attorney

BY: /s John Meynardie
        JOHN A. MEYNARDIE
        Assistant United States Attorney
        1575 20th Avenue
        Gulfport, MS 39501
        (228) 563-1560
        Mississippi Bar No. 9912

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing pleading has been mailed first class to the following:

MICHAEL MAES

This the 14th of December 2021.

/s John Meynardie
JOHN A. MEYNARDIE
Assistant United States Attorney