IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:16-cr-67-HSO-JCG-5 |
| | § | No. 1:24-cv-56-HSO |
| | § | |
| MICHAEL MAES | § | |

**<u>ORDER TRANSFERRING DEFENDANT MICHAEL MAES'S MOTION [256] TO VACATE UNDER 28 U.S.C. § 2255 TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT</u>**

BEFORE THE COURT is Defendant Michael Maes's Motion [226] to Vacate under 28 U.S.C. § 2255. After due consideration of the Motion [226], the record, and relevant legal authority, the Court is of the opinion that the Motion [226] constitutes a second and successive petition for relief, and that it should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination as to whether Defendant Michael Maes will be allowed to file it in this Court.

I. <u>BACKGROUND</u>

On September 21, 2018, a jury found Defendant Michael Maes ("Defendant" or "Maes") guilty of charges in Counts 1ss, 2ss, 3ss, 5ss, 6ss, 7ss, 8ss, and 9ss of a Second Superseding Indictment [137] in this case, alleging a methamphetamine trafficking and money laundering conspiracy. *See* Jury Verdict [150]. Maes was sentenced to life imprisonment and five years supervised release. J. [163] at 3. He was ordered to pay a $20,000.00 fine and an $800.00 special assessment fee. *Id.* at 7.

On October 19, 2021, Defendant timely filed his first Motion [200] to Vacate pursuant to 28 U.S.C. § 2255.[1] *See* Mot. [200]. Defendant contended that he was entitled to relief on grounds of ineffective assistance of counsel for two reasons. *Id.* at 3-5. First, he argued that his counsel should have objected to the statutory penalty provisions concerning methamphetamine sentencing as unconstitutionally vague. *Id.* at 3 (challenging 21 U.S.C. § 841(b)(1)(A)). Second, he argued that his counsel "effectively abandoned him when he expressed an interest in entering a plea of guilty" to a marijuana offense. *Id.* at 5. The Court denied the Motion [200], finding Defendant's first argument lacked merit because any objection to § 841(b)(1)(A) on the grounds of vagueness would be frivolous, Order [207] at 5-7 (citing *United States v. Kinder*, 946 F.2d 362, 367 (5th Cir. 1991)), and that his second argument failed because "the Government did not offer, and would not have offered, a plea based on marijuana charges, and 'had no intention of offering' such a plea," *id.* at 7-8 (quoting Resp. [204] at 2).

On January 1, 2024, Maes filed a "Writ of Habeas Corpus § 2241" in the United States Court of Appeals for the Ninth Circuit; however, the Ninth Circuit construed "Maes's submission as a 28 U.S.C. § 2255 motion" and transferred it to this Court on February 26, 2024. Order [225] at 1-2. In his present Motion [226], Maes requests the Court vacate his conviction because the Government and Defendant's "ex-girlfriend" "conspire[ed] to fabricate evidence to deprive [Maes] of

---

[1] Defendant's initial Motion [200] to Vacate was timely because the Supreme Court of the United States extended the time to file a motion brought under 28 U.S.C. §2255 during the COVID-19 pandemic. *See* Order [207] at 2 n.1.

2

liberty without due process." Mot. [226] at 1. Specifically, Defendant argues that he was arrested without probable cause, and that if his counsel had properly investigated and raised the issue, "then no reasonable fact finder could hold that the magistrate had properly been presented with probable cause" when he issued the warrant. *Id.* at 3-9.

Based upon a thorough review of the record, the Court is of the opinion that the present Motion [226] constitutes a second and successive § 2255 motion. Because Defendant did not receive prior authorization from the Fifth Circuit before filing this Motion [226], the Court is without jurisdiction to consider it, and it should be transferred to the Fifth Circuit for consideration.

## II.  DISCUSSION

Section 2255 provides four narrow grounds upon which a federal prisoner may seek habeas relief to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). The law is clear that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") "requires a prisoner to obtain authorization from a federal court of appeals in his circuit before he may file a 'second or successive' habeas application in federal district court." *United States v. Jones*, 796 F.3d 483, 484-85 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)(A)). If the prisoner "has not received the proper authorization to file a successive motion, then the district court is without jurisdiction to consider its claims." *Alaniz v. United States*, No. 5:18-CV-177, 2019 U.S. Dist. LEXIS 162597, at

*3 (S.D. Tex. May 9, 2019) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

A § 2255 motion is not automatically "second or successive" merely because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Instead, the Fifth Circuit has defined "a second or successive petition as one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *In re Cain*, 137 F.3d at 235 (internal quotations omitted)). The Fifth Circuit has further explained that the phrase "second or successive" is "interpreted with respect to the judgment challenged." *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) (quoting *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010)). "As a consequence, where the granting of an initial habeas petition results in the issuance of a new, intervening judgment of conviction, 'an application challenging the resulting new judgment is not second or successive' within the meaning of the statute." *Lampton*, 667 F.3d at 588 (quoting *Magwood*, 561 U.S. at 341-42). Conversely, where there has not been a new, intervening judgment, as is the case here, the later petition is second or successive. *See United States v. Garza*, 439 F. App'x 297, 300 (5th Cir. 2011) (concluding that because there was not a new judgment intervening between the defendant's two § 2255 motions, "consistent with *Magwood*, [the defendant's] second motion is successive.").

If a district court concludes that a defendant has filed a second or successive § 2255 motion without receiving prior authorization from the Court of Appeals, the court may either dismiss the second or successive motion without prejudice or transfer it to the Court of Appeals for a determination of whether the defendant should be allowed to file it. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive motion to the Circuit and establishing procedures in the Circuit to handle such transfers).

The Court finds the instant Motion [226] to be a second and successive § 2255 petition within the meaning of § 2244(b)(3)(A). Defendant has not presented any reasons why the grounds for the present Motion [226] could not have been raised in his first § 2255 Motion [200], and the Court could find none. First, it is clear that the purported defects of which Defendant currently complains, namely that the Magistrate Judge lacked probable cause to issue Defendant's arrest warrant, clearly existed at the time of his first § 2255 Motion [200]. *See* Mot. [226] at 3-9. *Garcia*, 573 F.3d at 222 (holding that a later habeas petition was successive where the purported defect it complained of existed at the time of the original petition, even if the legal basis or legal authority for the attack did not); *Alaniz*, 2019 U.S. Dist. LEXIS 162597, at *4 ("Petitioner argues that the Court improperly enhanced his sentence under the Guidelines. . . . That defect existed at the time of his prior § 2255 motion, even though the legal basis for the attack—the Fifth Circuit's holding in [a subsequent opinion]—did not. The unavailability of [the Fifth Circuit's

opinion] at that time is irrelevant. Under [*Garcia*], Petitioner's current Motion is successive.").

Second, there has not been a "new, intervening judgment" between the Motions [200] and [226]. *See Lampton*, 667 F.3d at 588 (quoting *Magwood*, 561 U.S. at 341-42) ("[W]here the granting of an initial habeas petition results in the issuance of a new, intervening judgment of conviction, an application challenging the resulting new judgment is not second or successive." (internal quotations omitted)). The Fifth Circuit has explained that "[w]hether a new judgment has intervened between two habeas petitions, such that the second petition can be filed without this Court's permission, depends on whether a new sentence has been imposed." *Id.* Defendant's first § 2255 Motion [200] challenged his September 21, 2018, conviction, *see* Jury Verdict [150], and the sentence imposed on December 19, 2018, *see generally* Mot. [200]; J. [163]. This Court denied that Motion [200] as unmeritorious. *See generally* Order [207]. Defendant's present Motion [226] challenges the very same Judgment [163] and sentence, for which he has been in custody since 2018. *See generally* Mot. [226]. Defendant does not argue that there was a new, intervening judgment or sentence in this case, and the record plainly reflects that there was none.

For these reasons, Defendant's present § 2255 Motion [226] is second and successive, and he was required to obtain the approval of the Fifth Circuit before filing it with this Court. Because it is without jurisdiction to consider it, the Court

will transfer the Motion [226] to the Fifth Circuit for consideration. *See Alaniz*, 2019 U.S. Dist. LEXIS 162597, at *4.

### III. CONCLUSION

The Court is of the opinion that Defendant Michael Maes's Motion [226] to Vacate under 28 U.S.C. § 2255 is a second and successive motion under 28 U.S.C. § 2244(b)(3)(A) filed without prior authorization from the United States Court of Appeals for the Fifth Circuit. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Michael Maes's Motion [226] to Vacate under 28 U.S.C. § 2255 is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for a determination as to whether Defendant Michael Maes will be allowed to file it in this Court.

**SO ORDERED AND ADJUDGED**, this the 4th day of March, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

7